WASHBURN v. LANE, Secretary of the Interior, et al.

(Court of Appeals of District of Columbia. Submitted April 4, 1919. Decided May 5, 1919.)

No. 3253.

Public Lands ⟨⟩108—Lieu Lands—Cancellation.

Where land within a forest reserve was relinquished and application filed for other land in 1911, pursuant to Act June 4, 1897, as amended by act June 6, 1900, providing that land within a forest reserve may be exchanged for other nonmineral public lands, etc., and the new selection was included in a petroleum reserve in 1914, the applicant being notified that he might show selected land was in fact nonmineral, or apply for surface patent, under Act July 17, 1914 (Comp. St. §§ 4640a–4640c), held that no vested rights were secured which prevented Department of Interior from canceling the lieu land selection before taking final action upon it.

Appeal from the Supreme Court of the District of Columbia.

Suit by Jed L. Washburn against Franklin K. Lane, Secretary of the Interior, and Clay Tallman, Commissioner of the General Land Office. From a decree sustaining a demurrer to the petition, plaintiff appeals. Affirmed.

W. P. Fennell and Aubrey B. Fennell, both of Washington, D. C., for appellant.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles D. Mahaffie and C. Edward Wright, both of Washington, D. C., for appellees.

ROBB, Associate Justice. Appellant filed a petition below seeking to restrain appellee "from rejecting and refusing to approve and from canceling" a certain selection of land made by appellant, and also seeking a mandatory order that the selection be approved and a patent issued therefor. All facts necessary to a decision of the case on the merits appearing in the petition, appellee demurred, the demurrer was sustained and this appeal resulted.

Act June 4, 1897 (30 Stat. 36, c. 2), as amended June 6, 1900 (31 Stat. 614, c. 791), provides for the exchange of land situated within the outboundaries of a national forest for an equal area of "vacant, surveyed and nonmineral public lands which are subject to homestead entry." On April 3, 1911, appellant relinquished to the government land within the limits of the Santa Barbara Forest Reserve in California and filed an application in due form for "Lot 3, Sec. 19, T. 46 N., R. 98 W. 6th P. M., Wyoming." The final survey of the township embracing this land was not completed until January 16, 1918, so that final action on appellant's application was not taken until after that date. On May 6, 1914, the land covered by this selection was, by Executive Order, included in Petroleum Reserve No. 37, and the Geological Survey reported that the land within the reserve "is mineral land prospectively valuable for deposits of oil and gas." When, therefore, the Department came to act upon appellant's selection, the fact appeared that it was within a petroleum reserve and that, prima facie at least, the land was mineral. Appellant was notified that under the provisions of the act of July 17, 1914 (38 Stat. 509, c. 142 [Comp. St. §§ 4640a–4640c]), he might, within a stated time after receipt of the notice, make a showing that the selected land was "in fact nonmineral in character," or might apply for a surface patent as provided in the act. Contending that his rights already had become fixed prior to the passage of said act of 1914 and the Executive Order of the same year, appellant failed to avail himself of either alternative presented by the Department and filed this suit.

The act under which appellant's entry was made required that the land selected should be nonmineral in character. Before final action was taken on appellant's selection, this land was withdrawn because of a showing to the satisfaction of the Department that it was mineral in character, and hence not subject to entry. If the land was mineral land when the Department was asked to approve the selection, it was of the same character when the application was filed originally, and appellant could acquire no vested rights in violation of the statute. We think the case ruled by our decision in Central Pac. R. Co. v. Lane, 46 App. D. C. 372, Ann. Cas. 1918C, 1002. There, as here, an attempt was made to review a finding of the Department based upon evidence that selected land was mineral in character.

It appearing that the Department has not exceeded its authority under the law, the decree is affirmed, with costs.

Affirmed.