## SANTA FÉ PAC. R. CO. v. PAYNE, Secretary of the Interior.

(Court of Appeals of District of Columbia. Submitted May 6, 1920. Decided June 2, 1920.)

No. 3340.

**1. Evidence ☞47—Judicial notice taken of Land Department decisions.**

Judicial notice may be taken of decisions of the Land Department.

**2. Public lands ☞82—Withholding approval to selection of lands not reviewable, unless arbitrary.**

Withholding of approval by the Secretary of the Interior from a selection made by a successor in interest to the Atlantic & Pacific Railroad under Act April 28, 1904, in exchange for lands relinquished, cannot be reviewed by the court, unless such withholding of approval is so unreasonable as to amount to arbitrary action.

**3. Public lands ☞82—Withholding of approval of selection of lands in exchange for lands relinquished held not arbitrary.**

Withholding by the Secretary of the Interior of his approval from a selection made by a successor to the Atlantic & Pacific Railroad Company under Act April 28, 1904, in exchange for lands relinquished, *held* not arbitrary or capricious; the land selected being worth more per acre than that relinquished, although the lands relinquished and the lands selected had been classified by the department as coal land, and the minimum price fixed as $20 per acre.

**4. Public lands ☞82—Selection of lands held subject to investigation until approval by Secretary of Interior.**

A selection of land by a successor to the Atlantic & Pacific Railroad Company under Act April 28, 1904, in exchange for lands relinquished, was open to investigation by the department as to its value and nature until final action by the Secretary of the Interior, whose approval of the selection was necessary, and it was immaterial what the records at the time of the selection showed as to the classification of the lands selected and their value.

Appeal from the Supreme Court of the District of Columbia.

Bill by the Santa Fé Pacific Railroad Company against Franklin K. Lane, Secretary of the Interior, and continued against John Barton Payne, his successor in office, to enjoin the canceling of a selection made in exchange for lands relinquished. From a decree dismissing the bill, the plaintiff appeals. Affirmed.

Alexander Britton and F. W. Clements, both of Washington, D. C. (Britton & Gray, of Washington, D. C., on the brief), for appellant.

C. E. Wright and C. D. Mahaffie, both of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District, dismissing appellant's bill to have the Secretary of the Interior enjoined from canceling a selection made by appellant under the Act of April 28, 1904 (33 Stat. 556), in exchange for lands relinquished.

A grant was made by the Act of July 27, 1866 (14 Stat. 292), in aid of the construction of the Atlantic & Pacific Railroad, and in that act it was provided that the word "mineral," as used therein, should not

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

be held to include iron or coal. Appellant is the successor in interest to all the rights of the Atlantic & Pacific Company. See Act of March 3, 1897, 29 Stat. 622. The Act of April 28, 1904, in part provided:

"That the Atlantic & Pacific Railroad Company, its successors in interest and its or their assigns, may, when requested by the Secretary of the Interior so to do, relinquish or deed, as may be proper, to the United States any section or sections of its or their lands in the territory of New Mexico the title to which was derived by said railroad company through the act of Congress of July twenty-seventh, eighteen hundred and sixty-six in aid of the construction of said railroad, any portion of which section is and has been occupied by any settler or settlers as a home or homestead by themselves or their predecessors in interest for a period of not less than twenty-five years next before the passage of this act, and shall then be entitled to select in lieu thereof, and to have patented other sections of, vacant public land of equal quality in said territory, as may be agreed upon with the Secretary of the Interior."

At the request of the Secretary of the Interior appellant relinquished its title to certain lands in the then territory of New Mexico earned under the grant of 1866, and those lands have been patented to claimants entitled under the provisions of the act of 1904. On May 1, 1911, subsequent to the relinquishment of its base lands, appellant selected an equal amount of land in the territory of New Maxico. The lands relinquished and the lands selected had been classified by the department as coal lands, and the minimum price fixed at $20 per acre. On May 2, 1912, an inspector of the department filed a report to the effect that the coal contents of the selected lands were of greater value than those of the relinquished or base lands. Thereupon, on May 12, 1913, the Commissioner of the General Land Office rejected the selection, but on April 30, 1914, an Assistant Secretary of the Interior reversed this ruling. Within 30 days thereafter, and before the decision of the Assistant Secretary became final, that decision was recalled and held for further consideration. Upon further consideration the department, on October 26, 1916, found in effect that the base lands were worth $20 per acre and the selected lands from $62 to $83 per acre. Accordingly, the department declined to approve the selection and vacated the former decision. On the same day appellant filed an elaborate motion for a rehearing, and this motion was the subject of an additional opinion by an Assistant Secretary, under date of February 13, 1917, denying the motion.

[1] Counsel for appellee have invited our attention to a departmental decision of March 18, 1919 (of which we may take judicial notice—Knight v. Land Ass'n, 142 U. S. 161, 12 Sup. Ct. 258, 35 L. Ed. 974; United States v. Brewer-Elliott Oil & Gas Co. [D. C.] 249 Fed. 619), from which it appears that even after suit had been filed appellant sought and obtained a further hearing in the department, and that the case received further consideration on the question of fact. In the departmental decision it was found:

· "The additional evidence and showings made in support of the petition were submitted to the Director of the Geological Survey, who made report February 1, 1919, from which it appeared that the previous classification and values fixed by him were correct, and the additional showings made rather

tended to show that the values theretofore placed upon a portion of the selected lands were too low."

[2, 3] The real question for determination is whether, under the act of 1904, the Secretary of the Interior, in determining whether base lands and selected lands are "of equal quality," may take into consideration the element of value. Appellant contends that the selected lands, having been given the same classification as the base lands, were of equal quality, within the meaning of the act. The act expressly provides that the selection made thereunder shall be subject to the approval of the Secretary, and, unless it may be said that the withholding of his approval is so unreasonable as to amount to arbitrary action, it is beyond our control.

"So at the outset we are confronted with the question, not whether the decision of the Secretary was right or wrong, but whether a decision of that officer, made in the discharge of a duty imposed by law and involving the exercise of judgment and discretion, may be reviewed. * * *" Ness v. Fisher, 223 U. S. 683, 32 Sup. Ct. 356, 56 L. Ed. 610.

In Riverside Oil Co. v. Hitchcock, 190 U. S. 316, 324, 23 Sup. Ct. 698, 702 (47 L. Ed. 1074), the court, in speaking of the action of the Secretary, said:

"Whether he decided right or wrong is not the question. Having jurisdiction to decide at all, he had necessarily jurisdiction, and it was his duty to decide as he thought the law was, and the courts have no power whatever under those circumstances to review his determination by mandamus or injunction."

We think those decisions, in each of which it of course was recognized that arbitrary or merely ministerial acts may be controlled, are binding in this case. The Secretary, in the discharge of his duty, was required to interpret the act, and we are unable to say that there is no real foundation for the conclusion reached. Quality being a relative term, it would be going far to rule that the act did not authorize the Secretary to consider at all the question of value. Had the act stopped with the words "and to have patented other sections of vacant public land of equal quality in said territory," there would have been more room for appellant's contention. The additional words, "as may be agreed upon with the Secretary of the Interior," lend themselves to the view that Congress intended to authorize the Secretary to pass upon the question of the relative values of the relinquished and selected lands. Had the value of the base or relinquished lands in this case been $50 per acre, and the value of the lands tendered by the Secretary been of the value of only $20 per acre, could it have been contended that the railroad company was under obligation to accept the exchange, because both tracts were classified as coal lands? We think not. The provision was for the mutual protection of the parties, and we are of the view that the conclusion reached by the Secretary was not arbitrary or capricious.

[4] As to the contention of appellant "that the determination [by the Secretary] must be with regard to the condition known to exist, and as evidenced by the records at the time the selection in exchange is

filed," little need be said. In Cameron v. United States, 252 U. S. 450, 40 Sup. Ct. 410, 64 L. Ed. 659, decided by the Supreme Court of the United States on April 19, 1920, the court ruled that—

"A mining location which has not gone to patent is of no higher quality and no more immune from attack and investigation than are unpatented claims under the homestead and kindred laws."

In other words, until final action by the Secretary, the selection in the present case was open to investigation by the department. The coal deposits in the lands covered by that selection were in the same condition when investigated as when the selection was made, and it was open to the department, before final action, to determine the extent and value of those deposits. Washburn v. Lane, 49 App. D. C. 52, 258 Fed. 524.

The decree is affirmed, with costs.

Affirmed.

